UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK MARVIN and o/b/o ROSE MARVIN; ROSE MARVIN,<br><br>                                  Petitioners,<br><br>-against-<br><br>SHERIFF OF ORANGE COUNTY; ORANGE COUNTY NEW YORK DEPARTMENT OF SOCIAL SERVICES,<br><br>                                  Respondents. | **ORDER**<br><br>20-CV-3464 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Petitioner Mark Marvin ("Marvin") brings this 28 U.S.C. § 2254 petition on behalf of himself and his mother, Rose Marvin ("Ms. Marvin"); Ms. Marvin also signs the petition and lists herself as a petitioner in the caption of the petition. Marvin challenges his August 1, 2018 Orange County Family Court order of disposition and order of commitment (ECF No. 1, at 28-29), in which the Orange County Family Court ("Family Court") ordered him detained for 30 days after he failed to comply with a prior order directing him to pay child support arrears in the monthly amount of $100.00. Ms. Marvin secured Marvin's release by paying a "purge" amount of $5,000. (ECF No. 1, at 1, 30.) Petitioners paid the $5.00 filing fee to initiate this action.

The Court directs Marvin to file a declaration within sixty days of the date of this order, showing cause why this application should not be denied based on his not being "in custody in violation of the Constitution," as required by the *habeas corpus* statute, 28 U.S.C. § 2254(a). The Court dismisses Ms. Marvin from the proceeding based on her not being "in custody." *Id.*

## **DISCUSSION**

**A.       "In Custody" Requirement**

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed.").

*Habeas corpus* relief is not restricted to situations in which the applicant is in actual, physical custody. *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984). Rather, it is generally available so long as a petitioner suffers from substantial restraints not shared by the public. *See, e.g.*, *Maleng*, 490 U.S. at 491; *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

Here, Marvin has failed to provide any facts showing that at the time he filed this petition, he suffered from any restraints on his liberty. Although he states that he continues to suffer from a "civil disability" (ECF No. 1, at 1), he does not describe the nature of that disability. Thus, it appears that he is not "in custody in violation of the Constitution." § 2254(a). The Court therefore directs Marvin to file a declaration within sixty days of the date of this order stating why this application should not be denied because he is not in custody.

**B.     Rose Marvin**

Marvin's mother is also identified as a petitioner, and she and Marvin both signed the petition. She is apparently identified as a petitioner because she paid the "purge" amount to ensure Marvin's release. But Petitioner's mother is not "in custody." § 2254(a). The Court therefore dismisses Rose Marvin from this proceeding.

## CONCLUSION

Petitioner Mark Marvin is directed to file a declaration within sixty days of the date of this order showing why the petition should not be denied. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied. No answer will be required at this time.

The Court dismisses from the proceeding Petitioner Rose Marvin because she is not "in custody." 28 U.S.C. § 2254(a).

Because Petitioners have not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in

Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

A copy of this Order and attached declaration form is being mailed by Chambers to Petitioners.

                                                    **SO ORDERED:**

Dated:   New York, New York
             May 13, 2020

                                                  PHILIP M. HALPERN
                                                  United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address / City / State / Zip Code | |
| Telephone Number (if available) | E-mail Address (if available) |

Page 2