UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARK MARVIN, et al.,

                                 Petitioners,
v.                                                                            ORDER TO SHOW CAUSE

SHERIFF OF ORANGE COUNTY, et al.,            20-CV-03464 (PMH)

                                 Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       On May 13, 2020, I issued an Order which dismissed Petitioner Rose Marvin from this proceeding because she is not "in custody," 28 U.S.C. § 2254(a), and I directed Petitioner Mark Marvin ("Petitioner") to show cause why the petition should not be denied for the reasons stated therein. (Doc. 3).  The Order directed Petitioner to file a declaration in response within sixty days of the date of the Order, and attached a declaration form which was mailed by Chambers to Petitioner. (*Id*.) The Order warned Petitioner that if he failed to comply with the Order within the time allowed, and could not show good cause to excuse such failure, the petition would be denied. (*Id*.) No declaration or other response to the Order has been filed to date.

       Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a [petition] for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). A district court contemplating dismissal of a petitioner's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider: 1) the duration of petitioner's failures or noncompliance; 2) whether petitioner had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) the Court's interest in managing its docket against the petitioner's interest in receiving an opportunity to be heard; and 5) the efficacy of a sanction less draconian

1

than dismissal. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15-CV-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016).

Petitioner was directed to respond or show good cause for his failure to respond by July 13, 2020. Petitioner had notice that his failure to respond would result in the denial of his petition. Nevertheless, Petitioner has failed to file any response or show good cause for his failure to respond. Petitioner's failure to prosecute this action has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016).

Accordingly, it is hereby ORDERED that plaintiff show cause in writing on or before November 20, 2020, why the petition should not be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Failure to comply with this Court's Order will result in dismissal of this case for want of prosecution.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner.

SO-ORDERED:

Dated: New York, New York
       October 20, 2020

_____
Philip M. Halpern
United States District Judge