Copies mailed 8/3/22
Chambers of Judge Davison

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MARK MARVIN,

Petitioner,

-against-

SHERIFF OF ORANGE COUNTY and ORANGE COUNTY NEW YORK DEPARTMENT OF SOCIAL SERVICES,

Respondent.

-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

20 Civ. 3464 (PMH) (PED)

**TO THE HONORABLE PHILIP M. HALPERN**, United States District Judge:

## I. INTRODUCTION

Presently before this Court is petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a civil contempt order issued by the Orange County Family Court ("OCFC"), in which the OCFC ordered petitioner detained for thirty days for failure to comply with a prior order directing him to pay child support arrears in the amount of $100.00 per month.[1] This petition is before me pursuant to an Order of Reference dated March 29, 2021 (Dkt. #13). For the reasons set forth below, I respectfully recommend that Your Honor dismiss the petition for lack of jurisdiction.

---

[1] "[F]ederal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt." *Duncan v. Walker*, 533 U.S. 167, 176, 121 S. Ct. 2120, 2126, 150 L. Ed.2d 251 (2001).

## II. BACKGROUND[2]

On April 7, 2016, the Orange County Family Court ordered petitioner to pay $100.00 per month to the Orange County Department of Social Services ("OCDSS") toward child support arrears in the amount of $17,554.24. Dkt. #10-1. On May 30, 2018, the OCDSS filed a Petition for Violation of Support Order, alleging petitioner willfully disobeyed the child support order. Dkt. #10-2. On or about June 25, 2018, petitioner filed a response in which asserted that his failure to pay was due to poverty. Dkt. #10-3. On August 1, 2018, at the conclusion of a willfulness hearing, the OCFC (Campbell, J.) found petitioner in willful violation of the child support order and directed (1) that the $17,554.24 in arrears be reduced to a civil judgment and (2) that petitioner be incarcerated for thirty days at the Orange County Jail. Dkt. #10-4, at 23-24 (ECF pagination). Petitioner was taken into custody. *Id.* at 24-26. By Order of Commitment dated August 1, 2018, Justice Campbell directed that petitioner be released from jail upon payment of arrears in the amount of $5,000.00 (the "purge amount"). Dkt. #10-5. *See also* Dkt. #10-6 (Order of Disposition). On August 2, 2018, petitioner's mother paid the purge amount and petitioner was released from custody. Dkt. #10-14, at 11 (ECF pagination); Dkt. #10-32.

Petitioner appealed the Order of Disposition and the Order of Commitment. Dkt. #10-7. By Decision and Order dated April 19, 2019, the Appellate Division, Second Department "dismissed as academic" the portion of the appeal challenging petitioner's incarceration, and otherwise affirmed. Dkt. #10-23. On August 18, 2019, petitioner moved for leave to reargue or, alternatively, for leave to appeal to the Court of Appeals. Dkt. #10-24. The Second Department

---

[2] The information in this section is drawn from the instant petition (Dkt. #1), respondent's opposing Affirmation (Dkt. #10), respondent's Exhibits (Dkt. #10-1 through #10-34) and respondent's Memorandum of Law (Dkt. #11).

denied that motion on October 9, 2019. Dkt. #10-26. On October 20, 2019, petitioner submitted an application to the Court of Appeals (Dkt. #10-27, #10-28, #10-29); the Court of Appeals denied leave to appeal on February 13, 2020. Dkt. #10-31. This action followed.

## III. DISCUSSION

"In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed. *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) (quoting 28 U.S.C. § 2254(a)). The Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook*, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed.2d 540 (1989). Rather, "[a] petitioner may satisfy [the 'in custody'] requirement where she is subject to a significant restraint upon her physical liberty not shared by the public generally." *Vega*, 861 F.3d at 74 (quotation marks and citation omitted).

In *Nowakowski v. New York*, 835 F.3d 210 (2d Cir. 2016), the Second Circuit held the "in custody' requirement was satisfied where the petitioner was subject to a one-year conditional discharge and required to perform one day of community service within that time. *Id.* at 217. The Second Circuit noted:

> Nowakowski's sentence falls within the category of restraints that satisfy the statutory requirement of custody. These restrictions are not shared by the public generally, require Nowakowski's physical presence at particular times and locations, both for community service and court appearances, and carry with them the potential for future adverse consequences during the term of the sentence, including arrest for noncompliance and modification or revocation of the conditional discharge. They are wholly unlike the economic penalties suffered in fine-only or license-revocation sentences, where the punishments implicate only property, not liberty.

*Id.* (internal quotation marks and citations omitted). In contrast, the Second Circuit in *Vega* held that a one-year conditional discharge in which petitioner was to abide by a two-year order of protection did "not constitute a sufficiently severe restraint to satisfy the 'in custody' requirement of § 2254(a)." *Vega*, 861 F.3d 72, 76. There, the Second Circuit noted that Vega's sentence "never required her physical presence at a particular time or location," did not affirmatively require her to do anything (such as community service) and "did not expose Vega to future adverse consequences at the discretion of a supervising court." *Id.* at 75.

Here, petitioner argues that the "in custody" requirement is satisfied because he is "continuingly subject to imprisonment for contempt of court in what is a support collection peonage racket." Dkt. #5, at 5 (ECF pagination). Petitioner is mistaken. He was released from custody on August 2, 2018 upon payment of the purge amount. After his release, petitioner was not subject to any restriction which required his physical presence at a particular time or location. The $17,554.24 in arrears was reduced to a civil judgment, which is analogous to an "economic penalty" which "implicate[s] only property, not liberty. *Nowakowski*, 835 F.3d at 217. At bottom, petitioner fails to demonstrate that he was subject to any significant restraint upon his physical liberty at the time he filed his petition and, therefore, fails to satisfy the to satisfy the "in custody" requirement of § 2254(a). Accordingly, I respectfully recommend that Your Honor dismiss the instant petition for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, I conclude – and respectfully recommend that Your Honor should conclude – that the instant petition for a writ of habeas corpus should be dismissed

for lack of jurisdiction. Further, because reasonable jurists would not find it debatable that petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, I recommend that no certificate of appealability be issued. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Dated: August 3, 2022
White Plains, New York

Respectfully Submitted,

PAUL E. DAVISON, U.S.M.J.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1)(c), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. Fed. R. Civ. P. 6(d). See also Fed. R. Civ. P. 6(a). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Hon. Philip M. Halpeen, at the Hon. Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to Judge Halpern.

Chambers mailed a copy of this Report and Recommendation to:

Mark Marvin
135 Mills Rd.
Walden, New York 12586