UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK MARVIN,

                Petitioner,

-against-

SHERIFF OF ORANGE COUNTY, et al.,

                Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

20-CV-03464 (PMH)

PHILIP M. HALPERN, United States District Judge:

      On April 7, 2016, the Orange County Family Court ("OCFC") ordered Mark Marvin ("Petitioner") to pay $100.00 per month to the Orange County Department of Social Services ("OCDSS") toward child support arrears. (Doc. 10-1). OCDSS, alleging Petitioner willfully disobeyed that order, filed a Petition for Violation of Support Order. (Doc. 10-2). Following a hearing, on August 1, 2018, the OCFC found Petitioner in willful violation of the child support order and, *inter alia*, entered an Order of Commitment directing that Petitioner be incarcerated at the Orange County Jail for thirty days, and an Order of Disposition directing that he be released upon payment of $5,000.00 of arrears (the "purge amount"). (Docs. 10-4, 10-5, 10-6). Petitioner's mother paid the purge amount on August 2, 2018, and Petitioner was released from custody. (Doc. Docs. 10-14, 10-32).

      On April 30, 2020, Petitioner initiated the instant action—a Petition for a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2254—to challenge both the Order of Commitment and Order of Disposition. (Doc. 1). On May 13, 2020, the Court issued an Order dismissing Petitioner's mother from the proceeding on the grounds that she was not "in custody" under the *habeas corpus* statute, 28 U.S.C. § 2254(a), and directing Petitioner to show cause why the Petition should not be denied on the same basis. (Doc. 3). Petitioner failed to respond, and on October 20, 2020, the Court issued

an order warning Petitioner the action would be dismissed unless he showed cause in writing by November 20, 2020 why it should not be dismissed under Federal Rule of Civil Procedure 41(b). (Doc. 4). On November 19, 2020, Petitioner filed an "Answer to Order to Show Cause," responding to both the May 13, 2020 and October 20, 2020 orders. (Doc. 5). The Court thereafter directed Respondents to file and serve, *inter alia*, an answer to the Petition. (Docs. 6, 8). Respondents filed a response to the Petition on March 26, 2021 (Docs. 10-12). Petitioner did not file any reply.

On March 29, 2021, the Court issued an Order of Reference referring the Petition to Magistrate Judge Paul E. Davison. (Doc. 13). On August 3, 2022, Judge Davison issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed for lack of jurisdiction. (Doc. 14). The R&R advised, in pertinent part, as follows:

> Pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections.

(*Id*. at 5). Judge Davison warned further that "[f]ailure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered." (*Id*. at 5-6). Twenty days has passed since the R&R was mailed to Petitioner, and no objections have been filed.[1]

---

[1] A copy of the R&R was mailed to Petitioner by Judge Davison's chambers on August 3, 2022 (*see* Aug. 3, 2022 Doc. Entry), and another copy was mailed to Petitioner by the Clerk of Court on August 4, 2022 (*see* Aug. 4, 2022 Doc. Entry).

2

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Upon a careful and complete review of the R&R, the Court finds no clear error in Judge Davison's thorough and well-reasoned analysis, and adopts the R&R in its entirety for the reasons set forth therein. Consequently, the Petition is DISMISSED for lack of jurisdiction. Because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and close this case.

**SO ORDERED:**

Dated: White Plains, New York
August 23, 2022

_____
PHILIP M. HALPERN
United States District Judge

3